MINNIE GREGORY, ET AL., Appellants, v. BENJAMIN F.
BOWLSBY, ET AL., Appellees.

**Pleading:** FAILURE TO PLEAD TO AN AMENDMENT. Where the parties
proceed to trial without answer or other pleading to an amend-
ed petition, the plaintiff cannot afterwards claim that defend-
ant is in default or that the allegations in the amendment
should be treated as confessed.

**Trusts:** PARENT AND CHILD. Where a father having the confidences
of his children who are members of his family, by promises
which he did not intend to perform induced them to convey
to him their interest in land, a court of equity will decree a
constructive trust in their favor.

**Presumption of fraud.** The mere relationship of a parent and
adult child will not constitute such a state of confidence as to
raise a presumption of fraud, but it will be considered in con-
nection with other facts and circumstances for the purpose
of establishing a trust.

*Appeal from Madison District Court.*— HON. EDMUND
NICHOLS, Judge.

MONDAY, FEBRUARY 13, 1905.

SUIT in equity to establish a trust in certain lands the
legal title to which is in the defendants. The trial court
dismissed plaintiffs' petition, and they appeal.— *Reversed.*

*Steele & Robbins,* for appellants.

*John A. Guiher* and *A. W. Wilkinson,* for appellees.

DEEMER, J.— This case was once before us on a de-
murrer to the petition. 115 Iowa, 327. After the remand
to the district court plaintiffs amended their petition by

pleading that they had but shortly before the execution of the

**1. PLEADINGS: failure to plead to an amendment.** deed under which defendant B. F. Bowlsby claims attained their majority; that plaintiff Minnie Gregory and her husband were living upon the premises as members of the family of defendant Bowlsby, and that plaintiffs Frank Bowlsby and Bertha Bowlsby also resided upon the premises, and were members of the same family; that plaintiff C. C. Bowlsby, with his wife, were also residing upon the premises, near the house of the defendant Bowlsby; that plaintiffs May and Frank Davidson had only recently been married, and that down until the time of her marriage May had resided with her father, B. F. Bowlsby, defendant; that defendant enjoyed the confidence and respect of the plaintiffs, and on account of the friendly family relations existing between them he (B. F.) had great influence over the plaintiffs, and each of them; and that, but for this influence, plaintiffs would not have deeded the lands to B. F. Bowlsby. No answer or other pleading was filed in response to this, but the parties went to trial, and the case proceeded as if an answer had been filed. Such being the situation, plaintiffs are in no position to claim that defendants were in default, or that the allegations of this amendment should be treated as confessed. *Long v. Valleau,* 87 Iowa, 675; *Medland v. Walker,* 96 Iowa, 175.

The law of the case, except in so far as the amendment tendered a new issue, was settled in the former opinion. There is no claim of any resulting trust, and, if plaintiffs recover, it must be on the theory of a construct-

**2. TRUSTS: parent and child.** ive one growing out of the fraud of the defendant Benjamin F. Bowlsby, or of his having taken advantage of some confidential relation existing between himself and his children. The record shows that all the matters recited in the petition which was before us on the former appeal, and which were then held sufficient to constitute a constructive trust, are true, unless it be that de-

fendant intended to perform his promise made to the plaintiffs, his children, as an inducement for the conveyance to him. That he made the promises charged is clearly shown by the overwhelming weight of the testimony, and really not denied by the defendant. But it is said that, if he made any promise, he at the time intended to perform it, or at least plaintiffs have not shown that he did not intend to do so. We are constrained to hold that his promises were the direct inducement for the conveyances; that he did not intend to perform or keep them, but was anxious to get the title to the land in his own name; that he secured the conveyances from his children, some of whom were barely of age, because of the confidence they reposed in him, and of his influence over them; that he asked some of them to keep the matter secret for fear of a consultation between them which might thwart his purposes; that he was the active agent in securing the conveyances; that he paid no consideration therefor, but secured the same on the strength of the agreement charged; that he hurriedly brought the parties together, had a lawyer of his own choosing present with a deed already prepared; that, after receiving the deed, and shortly before his second marriage to his codefendant in this case, he misrepresented the agreement between him and his expectant second wife for the purpose of carrying out his intent to defraud; and that upon the whole case the equities are so strongly in plaintiffs' favor that they should have had a decree establishing the alleged trust, and confirming their several interests in and to the land. No one should be permitted to use the statute of frauds as an instrument of fraud, and courts will not permit a person, through the influence of a confidential relation, to acquire title to property, or to obtain an advantage which he cannot conscientiously retain. *Wood v. Rabe,* 96 N. Y. 414.

On the former appeal we held that the mere relationship between a parent and his adult children did not constitute such a state of confidence as to create a presumption of

fraud or undue influence, and this rule we still adhere to;
but there may be such facts shown in addition
**3. PRESUMPTION OF FRAUD.** to the relationship as to create a condition of
confidence, which should be considered by a
court of equity in such cases as this. As to some, if not
all, of the plaintiffs, this was shown here, to meet the allega-
tions of the amendment to the petition. The father was
the natural guardian of his children before they became of
age; and as to some of them the influence thereby obtained
presumptively continued, and was in force when the con-
veyance was made. We do not say that the relationship of
confidence was such here as to cast the burden upon the
defendants to show that the conveyances were fair, just,
and without fraud. What we do hold is that this relationship
should be considered in reaching a proper solution of the
question as to whether or not there was a trust *ex maleficio.*
The defendant's attitude toward his children, his statements
and conduct since he received the conveyances, his deeding
a part of the land to his codefendant, his denial of the agree-
ment which is clearly proved, his attempt to influence his
children to desist in their efforts to recover back the title
to the land, these and many other matters should be con-
sidered in arriving at an equitable determination of the
case. Of course, defendant's mere denial of the alleged
agreement does not constitute such a fraud as will take the
case out of the statute of frauds; but this denial may be
considered with other circumstances in arriving at a correct
solution of the issues involved. After a careful considera-
tion of the entire record, we are satisfied that plaintiffs have
made out their case, and that a decree should be entered in
their favor. The defendant B. F. Bowlsby owned one-
third of the land in his own right, which he derived through
his first wife. This he had a right to convey to his co-
defendant, and the conveyance to her of an undivided one-
third should not be disturbed. But the other two-thirds
should be decreed to be held by defendant B. F. Bowlsby

for such of his children as are parties to this suit, each owning an undivided one-tenth thereof. From the record made upon the trial of the case in the court below we are unable to determine whether or not defendant B. F. Bowlsby or his wife, or either of them, should be charged with a part of the rents and profits of the land, and the case must be remanded to the trial court for a determination of that matter. And if it be found that plaintiffs should have a part thereof, then an accounting should also be had as to taxes paid by the defendants, or either of them, and as to any other matters which should be considered in making up the account.

For the reasons pointed out, the decree must be reversed, and the cause remanded for one in harmony with this opinion.— *Reversed* and *remanded.*